[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2011
JOHN LEY
CLERK

No. 11-12227
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00458-CAP-ECS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL SALINAS-CUELLAR,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 2, 2011)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Samuel Salinas-Cuellar appeals his 45-month prison sentence on his

conviction for being found in the United States illegally after he had been

deported.  He contends that his sentence was procedurally and substantively unreasonable.

## I.

In 1998 Salinas-Cuellar, acting with another perpetrator, restrained a 13-year-old girl using a knife and forcibly raped her.  Salinas-Cuellar pleaded guilty to second-degree rape in New York state court and served 27 months in prison.  He was then deported to El Salvador on July 7, 2000.

Salinas-Cuellar returned to the United States in 2009 and was arrested in Gwinnett County, Georgia, on August 18, 2010, for driving without a license, giving false information to law enforcement, and driving without a tag light.  He pleaded guilty in Georgia state court to driving without a license and giving false information to law enforcement and was sentenced to 12 months probation with credit for time served.

Based on that Gwinnett County arrest, a federal grand jury indicted Salinas-Cuellar for being found in the United States illegally after he had been deported in violation of 8 U.S.C. §§ 1326(a), (b)(2).  He pleaded guilty and was convicted.  The presentence investigation report set his base offense level at 8.  It recommended a 16-level increase because he had been deported after his felony rape conviction and a 3-level reduction for acceptance of responsibility, yielding a total offense level of 21.

The PSR calculated 3 criminal history points for his rape conviction and 1 criminal history point for his convictions for driving without a license and giving false information to law enforcement, placing him in criminal history category III. Accordingly, the recommended range under the guidelines was 46–57 months imprisonment. The maximum statutory prison term was 20 years. 8 U.S.C. § 1326(b)(2). The district court adopted the PSR's guidelines calculations.

At his sentence hearing Salinas-Cuellar requested a below-guidelines sentence. He made four arguments: that he had returned to the United States to escape gang members who had killed his brother in El Salvador; that his rape conviction was over 10 years old; that his Georgia convictions were not serious; and that other than his recent Georgia convictions and his commission of the crime of being found in the United States illegally, he had not committed any other criminal conduct since the rape. The government responded that a within-guidelines sentence was appropriate because of his pattern of disobeying the law.

The district court sentenced Salinas-Cuellar to 45 months imprisonment after crediting the 1 month he had served in state custody following his Gwinnett County arrest. The court explained the sentence:

> [W]hen I went through this[,] I was inclined to agree with [the defendant] to a certain extent. The problem in my mind is the serious offense back ten years ago. I realize it's a little over ten years ago, but

it's a rape conviction and the report indicates the defendant used a knife to restrain the victim. . . . The Court's reviewed the various factors in the code and believes [the sentence] achieves the factors set out in 18 [U.S.C. §] 3553.

## II.

Salinas-Cuellar argues the district court procedurally erred because it imposed the 45-month sentence based exclusively on his criminal history instead of on a consideration of all § 3553(a) factors. He further argues that his sentence was substantively unreasonable because the district court improperly balanced the § 3553(a) factors by placing undue weight on his criminal history.

We review a sentence for reasonableness, applying an abuse of discretion standard. United States v. Irey, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc). First, we review to ensure that the district court committed no significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) factors. United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). If the district court committed no significant procedural error, we then determine whether the sentence is substantively reasonable. United States v. Gonzalez, 550 F.3d 1319, 1323–24 (11th Cir. 2008).

Our substantive reasonableness review is guided by the factors in 18 U.S.C. § 3553(a). United States v. Pugh, 515 F.3d 1179, 1188–89 (11th Cir. 2008). The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a). 18 U.S.C. § 3553(a).

4

That includes the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment of the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. Id. § 3553(a)(2). Among other factors, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to avoid unwarranted sentencing disparities. See id. § 3553(a)(1), (4), (6). We ordinarily "expect a sentence within the Guidelines range to be reasonable," United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005), and the burden of establishing that a sentence is unreasonable lies with the party challenging it. Pugh, 515 F.3d at 1189. We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted).

The district court did not commit procedural error in imposing Salinas-Cuellar's 45-month prison sentence. The record establishes that the court properly considered the § 3553(a) factors. It explicitly said that it had reviewed those factors and believed that the sentence achieved the purposes listed in § 3553(a). The court

also said that it was inclined to agree with Salinas-Cuellar's arguments "to a certain extent" but that his rape conviction outweighed those arguments, showing that the court had considered Salinas-Cuellar's arguments for a below-guidelines sentence. See United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010).

Nor has Salinas-Cuellar demonstrated that his 45-month prison sentence is substantively unreasonable. That sentence, after including the 1-month credit for time served in state custody, was at the bottom of the recommended guidelines range and well below the maximum statutory prison term of 20 years. See Gonzalez, 550 F.3d at 1324 (holding that a defendant's sentence was reasonable in part because it was well below the statutory maximum). The record establishes that the sentence takes into account not only the seriousness of Salinas-Cuellar's rape conviction but also all § 3553(a) factors, including Salinas-Cuellar's arguments for a below-guidelines sentence. The court's finding that the seriousness of the rape conviction outweighed the other § 3553(a) factors does not render the sentence substantively unreasonable.

**AFFIRMED.**